UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL GENE PARRISH, <br> HOLLIE ANN PARRISH, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JULIA MILLER, <br> IDA PRANGE, <br> LAURIE HAMBY, <br> MICHAEL TROUTMAN, <br> KRISTEN LEEVER, <br> TAMRA WRIGHT, <br> HARRIET CABLE, <br> JULIE RHORING, <br> ANDREW PEELMAN, <br> MERRI C. EDER, <br> JENNIFER JOAS, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:25-cv-00429-TWP-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING MOTION TO DISMISS AS MOOT,
SCREENING AMENDED COMPLAINT, AND ORDER TO SHOW CAUSE**

This matter is before the Court on the Defendants Julia Miller, Ida Prange, Laurie Hamby, Michael Troutman, Kristen Leever, Harriet Cable, Julie Rhoring, and Andrew Peelman (collectively, the "State Defendants") Motion to Dismiss (Dkt. 16), and for screening of the Plaintiffs' Amended Complaint. In the Entry of April 14, 2025, the Court screened *pro se* Plaintiffs Daniel Gene Parrish ("Daniel") and Hollie Ann Parrish's ("Hollie") (together, the "Parrishes") Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and explained that it is subject to dismissal for failing to state a claim upon which relief may be granted (Dkt. 12). The Court gave the Parrishes an opportunity to file an amended complaint by no later than May 12, 2025, and to show cause why this case should not be dismissed for failing to state a claim. *Id.* On April 25, 2025, the State Defendants moved to dismiss the initial Complaint (Dkt. 16). On May 12, 2025, Hollie filed a

response to the show cause Order (Dkt. 20) and an Amended Complaint (Dkt. 21). Because the Court screened the initial Complaint and the Amended Complaint was filed after the Motion to Dismiss, the Motion to Dismiss is **denied as moot** and the Court now screens the Amended Complaint (Dkt. 21).

## I.   DISCUSSION

### A.   The Amended Complaint

As explained in the Entry of April 14, 2025 (Dkt. 12), regardless of fee status, district courts have an obligation 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Accordingly, this Court has a duty to screen the Amended Complaint.

This case arises out of an ongoing Child in Need of Services ("CHINS") proceeding in Jennings Circuit Court involving the Parrishes' two minor children, D.P. II and E.P. In their Amended Complaint, the Parrishes name as defendants Indiana Department of Child Services ("IDCS") Family Case Managers ("FCMs") Julia Miller, Ida Prange, Laurie Hamby, Kristen Leever, and Andrew Peelman; IDCS Attorneys Michael Troutman, Harriet Cable, Sarah Prather, and Julie Rhorig (collectively, the "IDCS Attorneys"); Jennings Circuit Court Guardians *ad Litem* Tamra Wright and Merri Eder ("GALs"); Jennings Circuit Judge Murielle Bright ("Judge Bright"), Magistrate Judge Christopher Doran ("Judge Doran"); and the Parrishes' two court-appointed attorneys, Jennifer Joas ("Attorney Joas") and James Funke ("Attorney Funke").

The Parrishes assert a variety of claims under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of their First, Fourth, and Fourteenth Amendment rights. They also assert claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), the Health

Insurance Portability and Accountability Act, 45 C.F.R. § 164.502 ("HIPAA"), the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1491o ("IDEA"), the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), the No Child Left Behind Act, 20 U.S.C. §§ 6301–6578, the Adoption Assistance and Child Welfare Act, 42 U.S.C. §§ 670–79c (the "Adoption Assistance Act"), and several criminal statutes, 18 U.S.C. §§ 241–42, 1001, 1621.

The Amended Complaint details the CHINS proceedings, at least for the period of March 2022 to April 2025, and describes some of D.P. II's housing and educational statuses during that time (Dkt. 21). The Court need not summarize these allegations as they are not material to the disposition of this action.

**B.      Dismissal of the Amended Complaint**

In the Entry of April 14, 2025, the Court explained that the Parrishes' initial Complaint was subject to dismissal because it did not contain sufficient factual allegations, because the Parrishes' claims were barred by the *Rooker-Feldman* doctrine, and because many of the Defendants were immune from the claims made against them (Dkt. 12). In response, Hollie filed a Response to Order to Show Cause and Amended Complaint. In her Response, Hollie explains that the Amended Complaint adds detailed allegations about the individual Defendants' actions, seeks injunctive relief against Defendants pursuant to *Ex parte Young*, 209 U.S. 441 (1908), and alleges constitutional violations independent of the Jennings Circuit Court's judgments (Dkt. 20).

The Amended Complaint cures many of the deficiencies identified in the screening Entry. In particular, it provides ample detail of the events at issue and clarifies that the CHINS proceeding is still ongoing, making *Rooker-Feldman* inapplicable. *See J.B. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021). However, the Parrishes' claims are still subject to dismissal. The Court will first address the dismissal of claims brought on behalf of Daniel Parrish and the Parrishes' minor children. The Court will then discuss the variety of claims brought under federal statutes, followed by a

3

discussion of the constitutional claims, and, finally, whether the Court will abstain from exercising jurisdiction over any remaining state law claims.

### 1. Claims on Behalf of Daniel and Minor Children

Only Hollie signed the Amended Complaint. Daniel did not. Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "A non-attorney cannot file or sign papers for another litigant, so as long as the Plaintiffs remain pro se, each Plaintiff must sign documents for himself." *Smego v. Dimas*, No. 15-CV-4097, 2015 WL 6689701, at *4 (C.D. Ill. Nov. 2, 2015). Hollie, as a non-attorney, cannot sign the Amended Complaint on Daniel's behalf. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear that an individual may appear in the federal courts only *pro se* or through counsel."). Although courts must construe *pro se* pleadings liberally, "*pro se* litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Likewise, neither Hollie nor Daniel may litigate their children's claims. The Seventh Circuit has "repeatedly held that the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child pro se." *Foster v. Bd. of Educ. of City of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) (citing cases); *Bell v. Anderson Cmty. Schs.*, No. 07-cv-936, 2007 WL 2265067, at *3 (S.D. Ind. Aug. 6, 2007) ("Where parents attempt[] to litigate pro se on behalf of their children, the court may dismiss those claims without prejudice."). For that reason, Daniel's claims and the Parrishes' children's claims are also **dismissed**.

If Daniel intends to pursue his own claims, he must sign all pleadings himself, and if the Parrishes want to pursue claims on behalf of their children, they must obtain legal counsel.

**2. Statutory Claims**

   a. **ADA**

The Amended Complaint alleges a variety of violations of Title II of the ADA (Dkt. 21 ¶¶ 31, 51, 62, 69, 79, 90, 108). Most of the violations relate to D.P. II, which, as explained above, cannot be brought *pro se* on a minor child's behalf. The allegations relating to the Parrishes state:

> Between July and August 2022, DCS and a psychologist evaluated Daniel and Hollie Parrish's fitness as parents partly based on their mental health. The evaluation did not show that any accommodations were made for their disabilities or that the findings were considered with an understanding of disability violating ADA . . . .
>
> Throughout 2022, DCS and service providers required Daniel and Hollie Parrish, who had suspected or known cognitive or behavioral health issues, to complete complex service plans without offering simpler materials, support staff, or necessary accommodations violating ADA . . . .
>
> In June 2023, DCS recommended termination of parental rights without showing that they had provided accommodations for the parents' known or suspected disabilities during the dependency proceedings violating [Title II of the ADA].

(Dkt. 21 at ¶¶ 51, 79, 108).

These allegations are insufficient to state a claim upon which relief can be granted. To state a failure to accommodate claim under the ADA, the Parrishes must allege they were qualified individuals with a disability and that Defendants were aware of their disability yet failed to provide an accommodation. *See Dadian v. Vill. of Wilmette*, 269 F.3d 831, 841 (7th Cir. 2001). A "disability" under the ADA means "a physical or mental impairment that substantially limits one or more major life activities of such individual," a "record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12101(1). The Amended Complaint only refers to the Parrishes' "suspected or known cognitive or behavioral health issues" but fails to explain what those "issues" are or whether they constitute a "disability." The Amended Complaint also does not allege that the Defendants were aware of the Parrishes' alleged disability. In addition,

5

the allegations do not identify what specific actions any particular Defendant took to violate the ADA. Accordingly, the Parrishes' ADA claims must be **dismissed**.

### b. IDEA

The Amended Complaint also alleges violations of the IDEA. Many of the alleged IDEA violations relate to D.P. II's educational plans and resources (Dkt. 21 ¶¶ 28, 31, 57, 69). Only the following allegations relate to the Parrishes' IDEA rights:

> Ongoing reports about D.P. II's school performance and behavior interventions did not show that his biological parents were consulted or informed about these decisions violating IDEA.
>
> Internal DCS records indicated preparation for potential termination of Daniel and Hollie Parrish's parental rights as of April 2023, but there was no evidence they were informed or given a chance to respond violating U.S. Const. Amend. XIV, IDEA, and FERPA. . . .
>
> In April 2023, emails between DCS and the foster school discussed planning and changing services for D.P. II, without involving his biological parents violating IDEA.

(Dkt. 21 ¶¶ 95–96, 100 (internal citations omitted)).

The Parrishes' IDEA claims cannot succeed for at least three reasons. First, and most importantly, there is no individual liability under the IDEA. The IDEA designates the "local educational agency" as the proper defendant. 20 U.S.C. § 1413; *see Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634 (7th Cir. 2015). Therefore, none of the named Defendants is a proper party under the IDEA. Second, money damages are not available under the IDEA. *See Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996). The Parrishes could therefore only obtain equitable relief, but the only equitable relief the Parrishes seek is the return of their children and an injunction against future IDCS interference with custody, which is not the type of relief the IDEA can provide. And third, the Parrishes do not specify which of *their* rights under the IDEA were violated. The IDEA provides certain substantive and procedural rights

to children, and other procedural rights to parents. The Parrishes cannot bring claims for alleged violations of D.P. II's rights under the IDEA. They may only bring IDEA claims for alleged violations of *their* procedural rights. *Mosley v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 532 (7th Cir. 2006). ("The IDEA specifically authorizes parents to request due process hearings; it allows them to appeal adverse decisions to the state educational agency; and it makes them the ones responsible for exhausting administrative remedies."). For all of these reasons, the Parrishes' IDEA claims must be **dismissed**.

### c. HIPAA, FERPA, No Child Left Behind Act, and Adoption Assistance Act

The Amended Complaint alleges several violations of HIPAA, FERPA, the No Child Left Behind Act, and two sections of the Adoption Assistance Act, 42 U.S.C. §§ 671(a)(15) and 675 (Dkt. 21 ¶¶ 25, 33, 36, 66, 73, 88–89, 96–99). However, none of these statutes creates a private right of action. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019) ("HIPAA confers no private right of action . . . . Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs."); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) (stating that FERPA "entirely lack[s] the sort of 'rights-creating' language critical to showing the requisite congressional intent" to create a private cause of action); *Horne v. Flores*, 557 U.S. 433, 456 n.6 (2009) ("[No Child Left Behind] does not provide a private right of action."); *Suter v. Artist M.*, 503 U.S. 347, 364 (1992) ("We conclude that 42 U.S.C. § 671(a)(15) neither confers an enforceable private right of action on its beneficiaries nor creates an implied cause of action on their behalf."); *see also* 42 U.S.C. § 675 (providing only statutory definitions). Accordingly, these statutory claims are **dismissed**.

### d. Federal Criminal Statutes

The Parrishes allege violations of several statutes in Title 18 of the U.S. Code, including Sections 241–42 (criminal interference with civil rights), Section 1001 (fraud), and Section 1621

7

(perjury) (Dkt. 21 ¶¶ 29–30, 116, 118). However, these criminal statutes do not create a private civil right of action which can be brought by the Parishes. *See Joseph v. Clark*, No. 20-cv-986, 2020 WL 2062339, at *2 (S.D. Ind. Apr. 29, 2020) ("[C]riminal statutes . . . generally do not create private causes of action. . . . Criminal proceedings are initiated by a properly authorized prosecutor who acts on behalf of the government and often in coordination with a law enforcement agency."); *see also Szplett v. Kenco Logistic Servs., LLC*, No. 19 C 2500, 2020 WL 1939388, at *3 (N.D. Ill. Apr. 22, 2020) (collecting cases holding that there is no private cause of action under 18 U.S.C. §§ 241, 1001, or 1621). The Parrishes claims under Title 18 must therefore be **dismissed**.

### 3. Constitutional Claims

The Amended Complaint asserts claims against Defendants in their official and individual capacities under Section 1983, but all of these claims are subject to dismissal. The FCMs, IDCS Attorneys, and Judges Bright and Doran, in their official capacities, are protected by Eleventh Amendment sovereign immunity from damages claims. Sovereign immunity "extends to state agencies and state officials in their official capacities," *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546 (7th Cir. 2019), and these Defendants, in their official capacities, are state officials. *See Mattingly v. Marion Superior Ct.*, 667 F. Supp. 3d 946, 951 (S.D. Ind. 2023) ("It's undisputed that the Judges are state officials and the [court] is a state agency.").

The claims against the FCMs, IDCS Attorneys, and Judges in their individual capacities must also be dismissed because they each have sovereign immunity. Individuals being sued in their individual capacity are protected by sovereign immunity when the claim against them is not a "bona fide individual capacity suit" and instead seeks relief that would "expend itself on the public treasury." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Luder v. Endicott*, 253 F.3d 1020, 1022–23 (7th Cir. 2001). The applicability of the Eleventh Amendment "is to be determined not by the mere names of the . . . parties but by the essential nature and effect of the proceeding,

as it appears from the entire record." *In re New York*, 256 U.S. 490, 500 (1921). The Amended Complaint alleges misconduct by the FCMs, IDCS Attorneys, and Judges solely in their roles as state employees. And based on the type of equitable relief requested and the amount of compensatory relief requested, it is clear that the Parrishes seek relief from the State of Indiana, not individual Defendants. The Parrishes have not alleged any bona fide claims against the FCMs, IDCS Attorneys, or Judges in their individual capacities, so they are entitled to sovereign immunity against the Parrishes' claims for damages.

Judges Bright and Doran, in their individual capacities, are further entitled to judicial immunity against claims for damages. *See Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006); *Newman v. State of Ind.*, 129 F.3d 937, 942 (7th Cir. 1997) ("[I]t is to spare judges from shrinking from doing their duty out of fear of being sued that the doctrine of absolute judicial immunity was devised.").

The Section 1983 claims against the GALs must also be dismissed. The Seventh Circuit has held that GALs, in their official capacities, are not state actors subject to liability under Section 1983. *Bach v. Milwaukee Cnty. Circuit Ct.*, 565 F. App'x 531, 532 (7th Cir. 2014) ("[T]he guardian *ad litem*, is not a state actor subject to § 1983."). And the GALs in their individual capacities are entitled to judicial immunity from claims for damages. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Guardians ad litem . . . are absolutely immune from liability for damages when they act at the court's direction. They are arms of the court . . . and deserve protection from harassment by disappointed litigants, just as judges do.").

Attorneys Joas, to the extent she is being sued as an attorney for IDCS (Dkt. 21 ¶ 120), is entitled to the same sovereign immunity as the other IDCS Attorneys. To the extent she is being sued as the Parrishes' appointed counsel, she and Attorney Funke are not state actors subject to suit

9

under Section 1983. Although Attorneys Joas and Funke may have been appointed by the court as part of the CHINS proceeding, they do not act under color of state law while representing the Parrishes—they act as private attorneys. "Once a lawyer has undertaken the representation of [a party], the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).

For the reasons discussed above, the Parrishes Section 1983 damages claims must be **dismissed**. Although the Parrishes may have potentially viable claims against some Defendants for equitable relief pursuant to *Ex parte Young*, for the reasons explained below, this Court must abstain from exercising jurisdiction over those claims.

### 4. Abstention

As the Court has stated above, nearly all of the Parrishes' claims are subject to dismissal because Hollie may not bring them *pro se* on behalf of Daniel or their children, because Defendants are immune from damages claims, because several claims cannot be brought by civil plaintiffs, and because the Amended Complaint fails to state claims upon which relief can be granted. As to the remaining claims, "[u]nder established abstention doctrines, however, a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Assocs.,Inc. v. Dart,* 619 F.3d 674 at 677(7th Cir. 2010). "A common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B.*, 997 F.3d at 722.

There are several specific abstention doctrines that apply to this case. The first is the *Younger* abstention doctrine, which is named after the United States Supreme Court decision *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "directs federal courts to abstain from

10

exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." *J.B.*, 997 F.3d at 722. The *Younger* doctrine applies when: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state court proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* does not apply, however, where: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; or (2) the case involves extraordinary circumstances that the plaintiffs will suffer "great, immediate, and irreparable" injury. *Moore v. Sims*, 442 U.S. 415, 433 (1979). To determine whether *Younger* abstention is appropriate, courts consider whether resolution of the federal court case "will unduly interfere with the ongoing state proceedings." *Am. Fed'n of State, Cnty. & Mun. Emps. v. Tristano*, 898 F.2d 1302, 1305 (7th Cir. 1990).

The *Younger* doctrine originally applied only to criminal proceedings, but the Supreme Court has extended it to all civil proceedings "in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018), *cert. denied*, 140 S. Ct. 384 (Mem.) (2019). CHINS proceedings are the type of state proceeding that falls within the *Younger* doctrine, and granting the Parrishes' requested relief would undoubtedly interfere with the ongoing CHINS proceeding. *Ashley W. v. Holcomb*, 34 F.4th 588, 591 (7th Cir. 2022) (applying *Younger* to CHINS proceedings; "We know from [Supreme Court precedent] that *Younger* applies to state-initiated child-welfare litigation."). The Parrishes have also had an adequate opportunity to raise their constitutional claims and concerns in the CHINS proceeding. The *Younger* abstention doctrine therefore applies, and there is no indication that either exception to the *Younger* doctrine applies.

11

The domestic-relations exception to federal jurisdiction likely also applies. "This exception covers a narrow range of issues 'involving the granting of divorce, decrees of alimony, and child custody orders.'" *J.B.*, 997 F.3d at 723 (quoting *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)) (internal quotation marks and citations omitted). The Amended Complaint requests an order directing the return of the Parrishes' children to their custody and prohibiting further interference with their custody. Whether the Parrishes' minor children should or must be returned to their custody is a "difficult question[] of state law bearing on policy problems of substantial public import," so the domestic-relations exception advises against exercising federal jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 701 (1992).

Even if no specific abstention doctrine were a "perfect fit," however, this Court must abstain from exercising federal jurisdiction based on the "general principals of federalism that underlie all of the abstention doctrines." *Courthouse News Serv.*, 908 F.3d at 1071; *see J.B.*, 997 F.3d at 723 ("[G]ranting declaratory or injunctive relief would provide [the plaintiff] with an offensive tool to take to state court to challenge that judge's orders. In these circumstances, federal courts need to stay on the sidelines."). "The adjudication of [the Parrishes' claims] threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *J.B.*, 997 F.3d at 723.

Having concluded that abstention is appropriate, if not required, the only remaining question is whether the Court should abstain by staying this action or dismissing it. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages. This

is because the plaintiff cannot obtain money damages as part of the ongoing state court action." *Id.* at 724–25.

Although the Amended Complaint seeks money damages, a stay is not appropriate. As explained above, the Defendants are all immune from the Parrishes' damages claims under Section 1983, and the Amended Complaint fails to state a claim for relief under any of the cited federal statutes. Additionally, there is no reason to conclude that the Parrishes could not raise their constitutional claims or other statutory concerns in the CHINS action. *Courthouse News Serv.*, 908 F.3d 1071 ("Unless and until the state courts have proven unwilling to address an alleged . . . violation . . . the federal courts should not exercise jurisdiction over the matter.").

Moreover, due to the unknown length of the CHINS proceeding, a stay may result in this case remaining on the Court's docket for several years. This CHINS action has already been going on for three years and could last many more. It would be a strain on limited judicial resources to allow this case to sit on the Court's docket indefinitely. Abstention via **dismissal** is therefore proper.

C.     **Opportunity to Show Cause**

The Parrishes will be granted through and until **July 7, 2025**, leave to file a final, Second Amended Complaint if they believe they can cure the defects in their Amended Complaint. If the Parrishes elect to file a second amended complaint, they should conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the second amended complaint must include a demand for the relief sought; (c) the second amended complaint must identify what legal injury the plaintiffs claim to have suffered and what

persons are responsible for each such legal injury; and (d) the second amended complaint should list each defendant in the caption (and not just "et. al., see attached list") and must include the case number referenced in the caption of this Entry. The second amended complaint also should demonstrate that jurisdiction is proper in this Court.

If a second amended complaint is not filed by **July 7, 2025**, this action will be dismissed for the reasons stated above. If both Hollie and Daniel intend to assert claims in a second amended complaint, then they must both sign the pleading. Fed. R. Civ. P. 11(a). If they intend to pursue claims on behalf of their minor children, then they must obtain licensed legal counsel.

## II.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss the initial Complaint (Dkt. 16) is **DENIED as moot**. Having screened the Amended Complaint, the Court finds that it is subject to dismissal for lack of jurisdiction. The Parrishes shall have through **July 7, 2025**, to file a second amended complaint that alleges the basis for the Court's assertion of subject-matter jurisdiction over this action. If no amended complaint is filed by that date, then this action may be subject to dismissal for lack of jurisdiction. If a Second (and final) Amended Complaint is filed, it will be screened before Defendants are required to respond.

The **Clerk is directed** to add Sarah Prather; James Funke; Murielle Bright, *Jennings Circuit Judge*; and Christopher Doran, *Jennings Circuit Magistrate Judge*, as defendants.

**SO ORDERED**.

Date: 6/4/2025

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL GENE PARRISH
3225 Stoningham Way
North Vernon, IN 47265

HOLLIE ANN PARRISH
3225 Stoningham Way
North Vernon, IN 47265

Nicholas Assise
O'Neill McFadden & Willett LLP
nassise@omwlegal.com

Abigail Davis
Office of Indiana Attorney General
abigail.davis@atg.in.gov

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov

Michael E. O'Neill
O'NEIL MCFADDEN & WILLETT LLP
moneill@omwlegal.com