**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Daniel G. Parrish and Hollie Ann Parrish,          )
                                                   )
          Plaintiffs,                             )
                                                   )
     v.                                         )
                                                   )
INDIANA DEPARTMENT OF CHILD                        )  Case No. 1:25-cv-00429-TWP-TAB
SERVICES, SARAH PRATHER, in her                    )
individual and official capacity as a Deputy       )
prosecutor and legal representative of the State   )
of Indiana, HARRIET CABLE, in her                  )
individual and official capacity as an Attorney    )
for the Jennings County Department of Child        )
Services, MICHAEL T. TROUTMAN, in his              )  **Jury Trial Requested**
individual And official capacity as an Attorney    )
for the Jennings County Department of Child,       )
Services, KRISTEN LEEVER, in her                   )
individual and Official capacity as a Supervisor   )
employed By the Indiana Department of Child        )
services JULIA MILLER, in her individual and       )
official capacity as a Family Case Manager         )
employed by the Indiana Department of Child        )
services, IDA PRANGE, in her individual and        )
official capacity as a Family Case Manager         )
employed by the Indiana Department of Child        )
services, LAURIE HAMBY, in her individual          )
and official capacity as a Family Case Manager     )
employed by the Indiana Department of Child        )
Services, MERRI C. EDER, in her individual         )
and official capacity as a Court Appointed         )
Special Advocate (CASA) or Guardian Ad             )
Litem (GAL), TAMRA WRIGHT, in her                  )
Individual and official capacity as a Court        )
Appointed Advocate (CASA) or Guardian              )
Ad Litem (GAL), JENNIFER JOAS, in her              )
Official capacity as a Court Appointed             )
Appellate Lawyer, CHRISTOPHER DORAN,               )
In his individual and official capacity as the     )
Jennings County Magistrate Judge,                  )
MURIELLE S. BRIGHT, in her individual and          )
Official capacity as the Jennings Circuit Court    )
Judge,                                             )

> **FILED**
>
> **07/07/2025**
>
> **U.S. DISTRICT COURT**
> **SOUTHERN DISTRICT OF INDIANA**
> **Kristine L. Seufert, Clerk**

1

## SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND

Plaintiffs Daniel Gene Parrish ("Daniel") and Hollie Ann Parrish ("Hollie") (collectively, the "Parrishes" or "Plaintiffs"), for their *Second Amended Complaint for Damages, Injunctive Relief, and Jury Demand* against Defendants Indiana Department of Child Services ("DCS") Julia Miller in her individual and official capacity as Family Case Manager ("FCM"), Ida Prange in her individual and official capacity as Family Case Manager ("FCM"), Laurie Hamby in her individual and official capacity as Family Case Manager ("FCM"), Michael Troutman in his individual and official capacity as an Attorney for the Jennings County Department of Child Services, Kristen Leever in her individual and official capacity as a Supervisor employed by the Indiana Department of Child Services, Tamra Wright in her individual and official capacity as a Court Appointed Advocate (CASA), Harriet Cable in her individual and official capacity as an Attorney for the Jennings County Department of Child Services, MERRI C. EDER, in her individual and official capacity as Court Appointed Special Advocate (CASA), JENNIFER JOAS, in her individual and official capacity as Court Appointed Appellate Lawyer, Murielle S. Bright in her individual and official capacity as the Jennings Circuit Court Judge, and Christopher Doran in his individual and official capacity as the Jennings Circuit Court Magistrate Judge, allege as follows:

## I.    INTRODUCTION

This case arises under the Due Process Clause of the Fourteenth Amendment and the Fourth Amendment to the United States Constitution. It is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiffs' constitutional rights by state actors employed by the Indiana Department of Child Services ("DCS"), who acted under color of law.

1. Defendants, individually and in their official capacities intentionally:

   A. Engaged in a coordinated effort to interfere with Plaintiffs' constitutional rights through unlawful seizures, fabrication of evidence, and deliberate fraud upon the court. This conduct resulted in the wrongful removal of the children, deprivation of familial integrity, reputational damage, and emotional distress — all without due process of law.

   B. Submitted knowingly false statements to the court to obtain custody orders without probable cause or factual basis."

   C. Intentionally manipulated legal procedures by submitting **sworn affidavits, verified petitions, and contempt motions** containing **knowingly false statements** and **material omissions**.

## II.    JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' related state-law claims pursuant to 28 U.S.C. § 1367(a), because those claims arise out of the same facts and occurrences as Plaintiffs' federal claims under 42 U.S.C. § 1983 and form part of the same case or controversy under Article III of the United States Constitution.

3.  Venue is proper in the Southern District of Indiana per 28 U.S.C. § 1391(b).

4.  The individual Defendants reside in this district.

5.  The events giving rise to this action occurred in this district.

6.  The government agency Defendants maintain their principle offices in this district.

## III.    THE PARTIES

7.  **Plaintiff Daniel Parrish** is an individual who resides at 3225 Stoningham Way, Jennings County, North Vernon, Indiana 47265. ( the "Home").

8.  **Plaintiff Hollie Parrish** is an individual who resides at 3225 Stoningham Way, Jennings County, North Vernon, Indiana 47265. ( the "Home").

9.  Plaintiff Hollie Parrish is married to Plaintiff Daniel Parrish.

10. The Parrish's have two biological children, D.P. II and E.P.

11. At all relevant times, Plaintiffs were and are residents of the State of Indiana.

12. Defendant DCS is an agency of the State of Indiana.

13. Defendant Prather was, at all relevant times, employed as Deputy Prosecutor of the Jennings County DCS and a resident of the State of Indiana.

14. Defendant Cable was, at all relevant times, employed as an Attorney for the Jennings County DCS and a resident of the State of Indiana.

15. Defendant Troutman was, at all relevant times, employed as an Attorney for the Jennings County DCS and a resident of the State of Indiana.

16. Defendant Leever was, at all relevant times, employed as a Supervisor for the Jennings County DCS and a resident of the State of Indiana.

17. Defendant Julia Miller (hereinafter, generally the "FCM") was, at all relevant times, employed as a Family Case Manager for the Jennings County DCS and a resident of the State of Indiana.

18. Defendant Ida Prange (hereinafter, generally the "FCM") was, at all relevant times, employed as a Family Case Manager for the Jennings County DCS and a resident of the State of Indiana.

19. Defendant Lori Hamby (hereinafter, generally the "FCM") was, at all relevant times, employed as a Family Case Manager for the Jennings County DCS and a resident of the State of Indiana.

20. Defendant Merri C. Eder (hereinafter, generally the "GAL") was, at all relevant times, employed as a Court Appointed Special Advocate for the Jennings County DCS and a resident of the State of Indiana.

21. Defendant Tamra Wright (hereinafter, generally the "GAL") was, at all relevant times, employed as a Court Appointed Special Advocate for the Jennings County DCS and a resident of the State of Indiana.

22. Defendant Jennifer Joas was, at all relevant times, employed as a Court Appointed Appellate Lawyer and a resident of the State of Indiana.

23. Defendant Christopher Doran was, at all relevant times, employed as the Magistrate Judge for the Jennings County Circuit Courthouse and a resident of the State of Indiana.

24. Defendant Murielle Bright was, at all relevant times, employed as the Circuit Court Judge for the Jennings County Circuit Courthouse and a resident of the State of Indiana.

## IV.    ALLEGATIONS APPLICABLE TO ALL COUNTS

25. On **May 4, 2022**, the Indiana Department of Child Services (DCS), through the **Jennings County office**, initiated contact with the Plaintiffs regarding concerns about the minor child **D.P. II**, based on unsubstantiated reports of possible abuse.

26. On **May 27, 2022**, DCS case managers, including **Sarah Prather, Julia Miller**, and law enforcement officers arrived at Plaintiff's home. Contrary to later claims made in court filings, Prather and Miller **entered the home**, and conducted a **drug screen** on the mother. No imminent danger or signs of abuse or neglect were observed or documented during this visit.

27. When upon entering the Plaintiffs home Law Enforcement handcuffed Plaintiff Daniel Parrish.

28. That same day, Prather, Miller , and law enforcement went to Plaintiffs mothers home and made contact with the child D.P. II. It was discovered that no imminent danger or signs of abuse or neglect were observed or documented during this visit.

29. On **July 7, 2022**, DCS Family Case Manager **Julia Miller** submitted an **Affidavit of Probable Cause** to Jennings Circuit Court. In that affidavit, Miller **falsely stated** under oath that she personally observed the child at school, when school staff had already informed her the child was not present that day.

30. Miller also claimed that DCS had made "reasonable efforts" to avoid removal of the child. However, internal DCS records — including the Case Plan — clearly listed "N/A" under efforts to return the child home. No referrals, in-home services, or family-based support were provided before the removal.

31. Miller's affidavit also **omitted key facts**, including that:

- The child's bruising had been medically diagnosed as a result of **iron deficiency anemia**;

- The child was **safe**, clean, and living in a home with functioning utilities and adequate food;

- A qualified **maternal grandmother** had already passed fingerprinting and home inspection for placement.

32. Based on Miller's false affidavit, Jennings Circuit Court signed an **Emergency Custody Order**, authorizing removal of the child from the home.

33. However, records show that DCS removed the child on **July 9, 2022**, while the custody order was not signed and filed until **July 11, 2022**, indicating that DCS seized the child **without a valid court order in place**.

34. On **July 10, 2022**, DCS counsel **Harriet Cable** submitted a **Verified CHINS Petition**, which repeated the fabricated claims from Miller's affidavit, falsely stated "reasonable efforts" had been made, and continued to omit exculpatory evidence.

35. **Sarah Prather**, Attorney, then filed a **Rule to Show Cause** against the childs father, **Daniel Parrish**, falsely stating that he refused DCS entry and refused a drug screen. These statements were demonstrably false, as DCS had accessed the home, observed the child, and was not under any court order requiring the father to submit to testing.

36. Based on these collective falsehoods and omissions, Defendant Christopher Doran, Magistrate, proceeded to adjudicate the child D.P. II as a **Child in Need of Services**

(**CHINS**), allowing Jennings County DCS to retain custody and place the child in foster care.

37. While in foster care, D.P. II suffered **physical and emotional harm**, including multiple injuries (bite marks, head trauma requiring staples) and behavioral regression. Despite these conditions, Defendants of the Jennings County DCS failed to act to protect the child or report the deterioration to the court.

38. At no point did Defendants of the Jennings County DCS amend, withdraw, or correct their prior statements to the court, even after being presented with contradictory evidence.

39. As a result of the Defendants' actions — including their **fraud upon the court**, misuse of judicial processes, and deliberate concealment of material facts — Plaintiffs were unlawfully deprived of custody, subjected to emotional trauma, and denied constitutional protections guaranteed under federal law.

## V.     CAUSES OF ACTION

## COUNT 1: Violation of the Fourteenth Amendment

*(Against Julia Miller, Sarah Prather, Tamra Wright, Harriet Cable, and Indiana Department of Child Services)*

40. Plaintiffs incorporate by reference all preceding paragraphs.

41. The Fourteenth Amendment of the United States Constitution guarantees parents the fundamental right to the care, custody, and control of their children, and protects against state interference absent due process of law.

42. Defendants acted under color of state law when they submitted knowingly false, incomplete, and misleading statements to Jennings Circuit Court to justify the emergency removal and continued custody of Plaintiffs' child.

43. Defendant Julia Miller submitted an affidavit containing fabricated claims, including that she personally observed the child at school, which was untrue, and that "reasonable efforts" were made to prevent removal, which DCS documentation disproved.

44. Defendant Sarah Prather filed a Rule to Show Cause falsely alleging that the father refused access to the home and failed a drug screen, despite having no such obligation and no evidence of refusal.

45. Defendant Harriet Cable submitted a Verified CHINS Petition that repeated false statements under oath and deliberately omitted exculpatory facts regarding the child's medical condition and available relative placement.

46. Defendant Tamra Wright, as Guardian Ad Litem, knowingly falsified reports to the courthouse.

47. These actions directly deprived Plaintiffs of their protected parental rights and fair process, in violation of the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

48. Jennings County DCS is unlawfully withholding custody of Plaintiffs' child, E.P., in violation of federal law and the Constitution. Their continued retention of the child, without due process, valid legal justification, or reunification efforts, constitutes an ongoing violation of Plaintiffs' **Fourteenth Amendment** rights and federal child welfare standards.

## Count II – Violation of the Fourth Amendment (Unlawful Seizure)

*(Against Julia Miller, Tamra Wright, and Indiana Department of Child Services)*

49. Plaintiffs incorporate all prior paragraphs.

50. The Fourth Amendment prohibits unreasonable searches and seizures by government officials, including the seizure of a child from their parents' custody without a warrant, court order, or lawful justification.

51. On or about July 9, 2022, Defendant Ida Prange removed Plaintiffs' child from their home without a signed court order, and without exigent circumstances.

52. Defendant Ida Prange initiated and executed the removal on D.P. II based on a fabricated affidavit.

53. Defendant Julia Miller initiated and executed the removal of child E.P. without a court order.

54. Defendant Tamra Wright approved or failed to stop the removal, despite knowledge that no legal order had been signed.

55. These actions violated Plaintiffs' Fourth Amendment rights and give rise to a claim under 42 U.S.C. § 1983.

## Count III – Fabrication of Evidence and Fraud Upon the Court

*(Against Julia Miller, Sarah Prather, Harriet Cable, and Tamra Wright)*

56. Plaintiffs incorporate all prior paragraphs.

57. Government actors violate due process when they fabricate evidence or submit materially false information to the court in order to justify state action.

58. Defendant **Julia Miller** fabricated facts in a sworn affidavit submitted to the court, falsely claiming direct observation of the child and compliance with legal standards.

59. Defendant **Sarah Prather** misled the court in a Rule to Show Cause by alleging noncompliance that did not occur.

60. Defendant **Harriet Cable**, acting as counsel for DCS, submitted and certified false information in a Verified CHINS Petition.

61. Defendant **Tamra Wright** enabled and approved the use of these documents, despite knowledge of their inaccuracy.

62. As a result of these fraudulent filings, the court was deceived into authorizing and continuing custody of the child, constituting **fraud upon the court** and a due process violation under **§ 1983**.

63. Defendant Julia Miller later submitted additional false documentation to justify the removal of a second child, E.P., using the same pattern of fabricated claims and material omissions. DCS official Michael T. Troutman knowingly allowed that documentation to be submitted to the court despite its falsity, further perpetuating the fraud upon the court.


### Count IV – Monell Liability for Unconstitutional Custom, Practice, or Policy

*(Against Indiana Department of Child Services and Jennings County)*


64. Plaintiffs incorporate all prior paragraphs.

65. The Indiana Department of Child Services and Jennings County maintained policies, customs, and supervisory practices that:

- Encouraged the use of false affidavits and petitions,

- Allowed removals without valid court orders,

- Failed to ensure disclosure of exculpatory information,

- And failed to discipline or correct employees who engaged in misconduct.

66. These policies and failures caused or contributed to the constitutional violations suffered by Plaintiffs.

67. Defendants are therefore liable under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), and **42 U.S.C. § 1983**.

## Count V – State Law Claims: Fraud, Negligence, and Intentional Infliction of Emotional Distress

*(Against Julia Miller, Sarah Prather, Harriet Cable, Tamra Wright, and Indiana Department of Child Services)*

68. Plaintiffs incorporate all prior paragraphs.

69. Under **Indiana law**, it is unlawful for a public employee to knowingly make false statements, omit critical facts in legal proceedings, or abuse official power in a manner that causes harm.

70. **Fraud**: Defendants Julia Miller, Sarah Prather, and Harriet Cable knowingly made materially false statements to the court, concealed critical facts, and caused judicial decisions to be made under false pretenses. These acts satisfy the elements of common law fraud: (1) false statement of material fact; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance by the court; and (5) resulting harm to the Plaintiffs.

71. **Negligence**: Defendants breached their duty of care by failing to investigate accurately, failing to disclose known facts, and removing the child without proper authorization, thereby causing foreseeable harm to Plaintiffs.

72. **Intentional Infliction of Emotional Distress (IIED)**: Defendants' conduct — including knowingly lying to the court, concealing medical evidence, and wrongfully removing a child without lawful cause — was extreme, outrageous, and done with intent or reckless disregard. This conduct caused Plaintiffs severe emotional distress.

73. The Indiana Department of Child Services is liable for the conduct of its employees under the doctrine of **respondents superior**, and also for its failure to adequately supervise, train, or discipline those employees, thereby allowing a known risk of harm to persist.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against all Defendants, and award the following relief:

74. **Compensatory damages** in an amount to be determined at trial for emotional distress, pain and suffering, loss of companionship, and reputational harm;

75. **Punitive damages** against individual Defendants Julia Miller, Sarah Prather, Harriet Cable, and Tamra Wright for their willful and malicious misconduct;

76. A **declaratory judgment** that Defendants violated Plaintiffs' rights under the U.S. Constitution and Indiana law;

77. An **injunction** prohibiting the Indiana Department of Child Services from engaging in further unlawful removals without valid court orders or fabricating evidence in court filings;

78. **Pre-judgment and post-judgment interest** as allowed by law;

79. **Immediate return of children D.P. II and E.P.**

80. **$2,000,000.00 in damages.**

81. And any such other and further relief as the Court deems just and proper.


## <u>REQUEST FOR JURY TRIAL</u>


COMES NOW the Plaintiffs, Daniel Parrish and Hollie Parrish, individually, request this matter be tried by jury on all issues so triable as a matter of right.

Respectfully submitted,

Dated: July 7, 2025

Daniel G. Parrish, Plaintiff (Pro Se)
3225 Stoningham Way
North Vernon, Indiana 47265
(812) 707-3212
dano3135@gmail.com

Respectfully submitted,

Dated: July 7, 2025

Hollie A. Parrish

Hollie A. Parrish, Plaintiff (Pro Se)
3225 Stoningham Way
North Vernon, Indiana 47265
(812) 979-6245
hollie.maddox6861@gmail.com

16