**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DANIEL GENE PARRISH,<br>HOLLIE ANN PARRISH, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 1:25-cv-00429-TWP-TAB |
| JULIA MILLER,<br>IDA PRANGE,<br>LAURIE HAMBY,<br>MICHAEL TROUTMAN,<br>KRISTEN LEEVER,<br>TAMRA WRIGHT,<br>HARRIET CABLE,<br>JULIE RHORING,<br>ANDREW PEELMAN,<br>MERRI C. EDER,<br>JENNIFER JOAS,<br>SARAH PRATHER,<br>JAMES FUNKE,<br>MURIELLE BRIGHT Jennings Circuit Judge,<br>CHRISTOPHER DORAN Jennings Circuit<br>Magistrate Judge, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on *pro se* Plaintiffs Daniel Gene Parrish and Hollie Ann

Parrish's (together, the "Parrishes") Motion to Alter or Amend Judgment Under Rule 59(e)

("Motion to Reconsider"). For the following reasons, the Motion is **denied**.

**I.    BACKGROUND**

On March 5, 2025, the Parrishes initiated this action arising out of an ongoing Child in

Need of Services ("CHINS") proceeding in Jennings Circuit Court. The Parrishes named as

defendants the Indiana Department of Child Services ("IDCS"), its attorneys and Family Case

Managers, Jennings Circuit Court Judges, and Guardians *ad litem*. The Court screened the original

Complaint and explained that the Complaint was subject to dismissal, in part, because it did not contain sufficient factual allegations and because many of the Defendants were immune from the claims against them (Dkt. 12). The Court gave the Parrishes leave to amend their complaint and show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

The Parrishes filed an Amended Complaint which added factual allegations, asserted claims under 42 U.S.C. § 1983 ("Section 1983") and a variety of other statutes, sought injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 441 (1908), and alleged several constitutional violations. The Court screened the Amended Complaint and concluded that the Parrishes' claims were still subject to dismissal. The Court explained, in part, that Defendants, in their official capacities, are entitled to sovereign and/or judicial immunity to the Parrishes' claims for monetary relief, that the Parrishes did not assert any *bona fide* claims against Defendants in their individual capacities, and that several Defendants are not suable under Section 1983 (Dkt. 46 at 8–10). The Court also explained that despite the possibility of relief under *Ex parte Young*, the Court must abstain from exercising federal jurisdiction pursuant to the *Younger* abstention doctrine, domestic-relations exception to federal jurisdiction, and general principles of federalism. *Id.* at 10–13. The Court gave the Parrishes a final opportunity to amend their complaint.

The Parrishes filed their Second Amended Complaint on July 7, 2025, which again asserted claims under Section 1983 against IDCS, IDCS employees, and Guardians *ad Litem*, and added a *Monell* claim against IDCS and Jennings County (Dkt. 56). On July 11, 2025, the Court screened the Second Amended Complaint, (Dkt. 57). The Court explained that the Second Amended Complaint continued to assert claims against Defendants who are entitled to sovereign and/or judicial immunity, that the Second Amended Complaint did not allege a plausible *Monell* claim, and, most importantly, that this case threatens to interfere with ongoing CHINS proceedings and

requires abstention. *Id.* at 2–3. The Court therefore dismissed this action without prejudice for lack of subject-matter jurisdiction and entered final judgment (Dkt. 57; Dkt. 58).

On July 16, 2025, the Parrishes filed the instant Motion to Reconsider (Dkt. 59). No response from any Defendant is necessary, so the Court will proceed with ruling on the Parrishes' Motion.[1]

## II.   LEGAL STANDARD

The Parrishes ask the Court to reconsider its dismissal of this action under Federal Rule of Civil Procedure 59(e) (Dkt. 59). Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## III.   DISCUSSION

The Parrishes argue the Court's dismissal was erroneous because: (1) the Court misapplied sovereign and judicial immunity; and (2) the Parrishes adequately alleged a *Monell* claim.

As to their first argument, the Parrishes explain that they "do not seek monetary damages from the State of Indiana or the DCS as a state agency, but rather from individual DCS employees

---

[1] Non-movants are not always entitled to file response briefs to non-dispositive motions, including motions to reconsider. The Federal Rules of Civil Procedure do not guarantee such a right, and although this Court's Local Rules permit response briefs, courts have broad discretion in enforcing, or not enforcing, their own local rules. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). This Court therefore need not wait for any Defendant to respond before ruling on the Parrishes' Motion to Reconsider.

sued in their individual capacities under Ex parte Young . . . for ongoing constitutional violations."
(Dkt. 59 at 3). The Court previously addressed the Parrishes' individual-capacity claims, finding
that based on the Parrishes' factual allegations and requested relief, those claims were not "bona
fide" individual-capacity claims (Dkt. 46 at 8–9). The Court also previously addressed the
Parrishes' claims for injunctive relief under *Ex parte Young*, finding that the Court must abstain
from exercising jurisdiction over those claims (assuming they are viable). *Id.* at 10. The Parrishes
also assert that "judicial immunity does not apply to acts taken outside the scope of judicial
function, such as knowingly accepting perjured affidavits or executing unlawful removal orders,"
but they cite no authority supporting this statement (Dkt. 59 at 3).

The Parrishes cite several cases from this Court and the Seventh Circuit Court of Appeals
that purportedly support their position that IDCS employees are not immune to suit. *Id.* at 59.
However, the cited Seventh Circuit cases do not support the Parrishes' position. *See Doe v. Heck*,
327 F.3d 492, 508 n.13 (7th Cir. 2003) ("To the extent the plaintiffs' suit against the defendants in
their official capacities with the Bureau seeks retrospective monetary damages, this action
constitutes a suit against the state that is prohibited by the Eleventh Amendment."); *Brokaw v.
Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) ("Federal suits against state officials in their
official capacities are barred by the Eleventh Amendment . . . ."). And, after a thorough search, it
appears that the cited decisions from this court—"*Smith v. Indiana Dept. of Child Services*, No.
1:15-cv-00123-JMS-MJD, 2016 WL 1070607, at *5–7 (S.D. Ind. Mar. 18, 2016)" and "*Hernandez*

*v. Indiana Dept. of Child Services*, No. 1:14-cv-00457-TWP-DKL, 2015 WL 13309206, at *3–5 (S.D. Ind. Mar. 24, 2015)"—are either egregiously miscited or simply do not exist.[2]

As to their second argument, the Parrishes contend that their Second Amended Complaint adequately alleged "a pattern and practice by Indiana DCS" sufficient to state a *Monell* claim (Dkt. 59 at 5). The Parrishes simply re-assert the factual allegations in their Second Amended Complaint and disagree with the Court's conclusion that those allegations are not enough to assert a plausible *Monell* claim. The Parrishes also cite and quote the *Hernandez* and *Smith* cases, but, as stated above, those cases do not appear to exist. *Id.*

Motions for reconsideration do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Reconsideration is appropriate only when the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). The Parrishes' Motion to Reconsider fails to identify any errors of misapprehension, manifest errors of law or fact, or any newly discovered evidence. The Parrishes simply attempt to rehash old arguments that the Court considered in its screening entries, which does not warrant reconsideration of the Court's dismissal of their claims.

---

[2] This Court has recently admonished and sanctioned parties for submitting briefs containing miscited or non-existent cases. *See Mid Central Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 24-cv-326, 2025 WL 574234, at *5 (S.D. Ind. Feb. 21, 2025) (recommending that attorney be personally sanctioned in the amount of $15,000.00 for submitting briefs citing to non-existent cases); Order Admonishing *Pro Se* Plaintiff, Dkt. 56, *Tsupko v. Kinetic Advantage, LLC*, No. 1:24-cv-01210-TWP-KMB (S.D. Ind. Mar. 4, 2025) (admonishing *pro se* plaintiff for failing to check citations and cautioning against the use of artificial intelligence in preparing filings).

## IV.    CONCLUSION

For the reasons explained above, the Parrishes' Motion to Alter or Amend Judgment Under

Rule 59(e) (Dkt. 59) is **DENIED**. This action **remains closed**.

**SO ORDERED**.

Date:    7/18/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL GENE PARRISH
3225 Stoningham Way
North Vernon, IN 47265

HOLLIE ANN PARRISH
3225 Stoningham Way
North Vernon, IN 47265

Nicholas Assise
O'Neill McFadden & Willett LLP
nassise@omwlegal.com

Abigail Davis
Office of Indiana Attorney General
abigail.davis@atg.in.gov

Daniel Ford
O'Neill McFadden & Willett LLP
dford@omwlegal.com

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov

Michael E. O'Neill
O'NEIL MCFADDEN & WILLETT LLP
moneill@omwlegal.com

John A. Stroh
SHARPNACK BIGLEY STROH & WASHBURN LLP
sbsw@sbswlaw.com

Mary E. Stroh
Sharpnack Bigley
mstroh@sharpnacklaw.com